519 N.W.2d 301 (1994)
IN the INTEREST OF T.S., a Juvenile.
Paul STAVE, Petitioner and Appellee
v.
T.S., said child, Respondent and Appellant, and
J.S., mother, M.S., Father, Tim Miller, Division of Juvenile Services, custodian, Respondents.
Civ. No. 940013.
Supreme Court of North Dakota.
July 18, 1994.
Robert J. Woods (argued), Forest River, for respondent and appellant.
Cynthia Wagner Goulet, Asst. State's Atty. (argued), Grafton, for petitioner and appellee.
NEUMANN, Justice.
T.S. appeals a juvenile court judgment that he committed the delinquent acts of terrorizing, and preventing arrest or discharge of other duties. We affirm.
On December 3, 1993, a petition was filed in juvenile court, alleging that T.S. (Tim)[1] was a delinquent child as defined under chapter 27-20[2] of the North Dakota Century Code. The petition alleged that on or about October 31, 1993, Tim committed the delinquent acts of (1) carrying a concealed weapon, in violation of city ordinance 9-2 for the city of Grafton, (2) terrorizing, in violation of NDCC § 12.1-17-04, and (3) preventing arrest or discharge of other duties, in violation of NDCC § 12.1-08-02.
A hearing was held on December 21, 1993. The juvenile court found that Tim had committed the delinquent acts as alleged in the petition, and that he was in need of treatment or rehabilitation as a delinquent child. The court ordered that he be placed under the care, custody, and control of the Division of Juvenile Services for two years. Tim appeals.
On appeal, Tim argues that there was insufficient evidence for the juvenile court to have found that he committed the delinquent acts of terrorizing, and preventing arrest or discharge of other duties. We disagree.
Our review of juvenile court judgments is controlled by NDCC § 27-20-56. E.g., In re K.S., 500 N.W.2d 603 (N.D.1993). "Appellate review of the juvenile court is equivalent to the former procedure of trial de novo; therefore, we independently review the evidence. As NDCC 27-20-56 directs, our review is anew, with appreciable weight given to the findings of the juvenile court." In re K.S., 500 N.W.2d at 605 (citations omitted).
Reviewing the record, we are convinced there is adequate evidence to find that Tim committed the delinquent acts of terrorizing, and of preventing arrest or discharge of other duties. We affirm the judgment of the juvenile court.
VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.
NOTES
[1] The Uniform Juvenile Court Act provides that the "name of the child may not appear on the record on appeal." NDCC § 27-20-56.
[2] NDCC § 27-20-02(4) provides:

"`Delinquent child' means a child who has committed a delinquent act and is in need of treatment or rehabilitation."